**MINEBEA CO., LTD., et al., Plaintiffs,**

v.

**Georg PAPST, et al., Defendants.**

No. CIV.A.97–0590(PLF).

United States District Court, District of Columbia.

April 30, 2004.

David William Plant, New London, NH, pro se.

Joel E. Lutzker, Schulte Roth & Zabel, LLP, New York, NY, Rodney Ray Sweet-

land, III, Arlington, VA, Tom M. Schaumberg, Adduci, Mastriani & Schaumberg, L.L.P., Washington, DC, for Plaintiffs.

A. Sidney Katz, Jerold B. Schnayer, R. Mark Halligan, Walter J. Kawula, Daniel R. Cherry, John L. Ambrogi, Welsh & Katz, LTD., Chicago, IL, Campbell Killefer, Venable, LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on plaintiffs' Motion for Completion of Certain Discovery under Federal Rule of Civil Procedure 56(f) prior to the Court's ruling on defendants' motion for partial summary judgment. The Court has examined plaintiffs' motion and has determined that it should be denied.

In support of their motion, plaintiffs have submitted a declaration by counsel, Exhibit A, attaching what appears to be every motion to compel filed with the Special Master and copies of three of the Special Master's reports and recommendations. Although the Court questions the necessity of including as an exhibit every motion to compel, these papers are at least useful to the Court. Plaintiffs have also submitted, as Exhibit D, an entire box of deposition transcripts and deposition exhibits. Exhibit D is referenced in plaintiffs' exhibit only as follows:

> The depth and breadth of information withheld by Papst witnesses is summarized in the chart attached hereto as Exhibit D. As clearly established by Exhibit D, Papst witnesses have failed to provide substantive responses to the questions posed related to the negotiation, formation and interpretation of the '95 Agreement (or any of the other agreements incorporated therein.)

*See* Pl. Mot. at 17. Exhibit D consists of a 108 page chart of deposition excerpts. The first four exhibits are copies of all of the cited deposition pages. They are followed by 126 more exhibits which represent all the documents being discussed in the 108 pages of deposition excerpts.

The Court has previously expressed its frustration at the unnecessary volume of paper with which counsel feel compelled to inundate the Court. It is unnecessary, in a Rule 56(f) motion, to supply the Court with every conceivable deposition excerpt which exemplifies times at which plaintiffs allege to have been denied information relevant to defendants' motion for partial summary judgment. Such briefing methods are counterproductive and waste the Court's time and the clients' money. The Court is also displeased, and it is not referring to only this submission, by the manner in which counsel have abused their ability to submit motions and exhibits under seal in toto by attaching exhibits indiscriminately. The Court will require counsel to be more judicious in their choices from this time forward.

In addition, the Court notes that plaintiffs have also filed an opposition to defendants' motion for partial summary judgment. Plaintiffs' opposition is 64 pages long and is accompanied by a statement of material facts with 119 exhibits. Federal Rule of Civil Procedure 56(f) states that "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had ..." Fed.R.Civ.P. 56(f). Although plaintiffs' Rule 56(f) motion contains a declaration with a litany of the discovery which plaintiffs have been refused, or which has been delayed, plaintiffs have still managed to assemble the aforementioned 64 page, 119 exhibit opposition. The Court sees no reason why it should reserve ruling on defendants' motion when plaintiffs have already submitted what appears to be a quite comprehensive opposition. If plaintiffs are correct, as they suggest, that the issues in defendants' motion for partial summary judgment are so fact-based, it will be denied under traditional summary judgment standards.

Accordingly, it is hereby,

ORDERED that plaintiffs' motion for completion of certain discovery is DENIED and the exhibits are STRICKEN; counsel for plaintiffs are instructed to collect their documents from Chambers; it is

FURTHER ORDERED that, in the future, all non-dispositive motions shall be limited to 20 pages; oppositions to non-dispositive motions shall be limited to 20 pages; and replies to non-dispositive motions shall be limited to 10 pages; it is

FURTHER ORDERED that in the future the parties may file affidavits or declarations where appropriate, but shall not file exhibits to non-dispositive motions without leave of Court; it is

FURTHER ORDERED that in the future the Court will not accept entire filings under seal. Rather, two versions of the motions, briefs, and deposition excerpts shall be filed. Version One shall redact *only* confidential financial, technical and/or proprietary business information and shall be filed on the public record; if necessary, it shall be reviewed line-by-line so as to redact as little as possible; legal arguments shall never be redacted. Version Two shall contain no redactions and shall be filed in the Clerk's Office, accompanied by a motion seeking a Court Order to submit the unredacted version under seal; and it is

FURTHER ORDERED that plaintiffs' opposition to defendants' motion for partial summary judgment is STRICKEN from the record; plaintiffs shall re-file their opposition on or before May 14, 2004 in accordance with the sealing and redaction procedures enunciated in this Order.

SO ORDERED.